Attorneys for Debtor and Debtor-in-Possession
Edward N. Gewirtz [EG6801]
BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
60 East 42nd Street, Suite 4600
New York, NY 10165
(212) 697-6484

**Hearing Date: Nov. 6, 2017**
**Hearing Time: 10:30 a.m.**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
**In re**

**488-486 Lefferts LLC,**

                                        **Debtor.**
-----------------------------------------------------------X

**Chapter 11**

**Case No. 1-15-42716-ess**

### NOTICE OF HEARING ON DEBTOR'S MOTION FOR AN ORDER AUTHORIZING THE SALE OF REAL PROPERTY LOCATED AT 486-488 LEFFERTS AVENUE, BROOKLYN, NEW YORK 11225 (THE "PROPERTY") FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO BANKRUPTCY CODE SECTION 363(B), (F).

**PLEASE TAKE NOTICE** that upon the attached motion dated October 4, 2017 (the "Motion") of 488-486 Lefferts LLC, the above-captioned debtor and debtor in possession (the "Debtor"), by its attorneys, Bronstein, Gewirtz & Grossman, LLC, will move at a hearing before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of New York, Conrad B. Duberstein Courthouse, 271-C Cadman Plaza East, Brooklyn, New York 11201-1800 on November 6, 2017 at 10:30 a.m., or as soon thereafter as counsel can be heard, for the entry of an order (the "Order") attached as Exhibit "A" to the Motion, authorizing the sale of the Property Free and Clear of all Liens, Claims and Encumbrances(as defined in the Motion) to an entity to be formed by attorney Abraham Weisel, Esq. for his client (the "Proposed Purchaser") pursuant to Bankruptcy Code Section 363(b), (f) and (h) and 365(a) and Rule 6006 of the Federal Rules of Bankruptcy

Procedure, pursuant to the terms and conditions of the Contract of Sale Agreement dated August 18, 2017 attached to the Motion as Exhibit "B".

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested therein must be in writing, must conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of the Bankruptcy Court for the Eastern District of New York

(the "Court"), must set forth the name of the objecting party, and the basis for the objection and the specific grounds therefor, and must be filed with the Court electronically, (with a hard copy delivered directly to Bankruptcy Judge Stong's chambers), and any objection must further be served upon: (i) Bronstein, Gewirtz & Grossman, LLC 60 East 42nd Street, Suite 4600, New York, New York 10165, Attention: Edward N. Gewirtz, Esq.; (ii) the United States Trustee's Office for the Eastern District of New York U.S. Federal Office Building 201 Varick Street, Suite 1006 New York, New York 10004; and (iii) Abraham Weisel, Esq., attorney for the Purchaser, 4309 13th Avenue, Brooklyn, New York 11219, so as to be received no later than seven days before the date of the hearing.

Dated:  October 4, 2017

> Attorneys for Debtor and Debtor-in-Possession
> BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
> By:     /s/ Edward N. Gewirtz
>  Edward N. Gewirtz [EG6801]
>  60 East 42nd Street, Suite 4600
> New York, New York 10165
> Tel. No.:  (212) 697-6484
> Fax. No.: (212) 697-7296
> Chona@bgandg.com

Attorneys for Debtor and Debtor-in-Possession
Edward N. Gewirtz [EG6801]
BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
60 East 42nd Street, Suite 4600
New York, NY 10165
(212) 697-6484

Hearing Date: Nov. 6, 2017
Hearing Time: 10:30 a.m.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
**In re**
                                                                    Chapter 11
**488-486 Lefferts LLC,**

                                        Debtor.           Case No. 1-15-42716-ess
-------------------------------------------------------------X

### DEBTOR'S MOTION FOR ORDER AUTHORIZING THE SALE OF REAL PROPERTY LOCATED AT TWO ADJACENT PARCELS OF UNDEVELOPED LAND LOCATED AT 488-486 LEFFERTS AVENUE, BROOKLYN, NY (THE "PROPERTY") FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §363(B), (F) AND (H).

488-486 Lefferts LLC the above-captioned debtor and debtor-in-possession (the "Debtor"), submits this motion (the "Motion"), for entry of an order, substantially in the form of Exhibit "A" attached hereto (the "Sale Order"), authorizing the sale of the Property Free and Clear of All Liens, Claims and Encumbrances pursuant to Bankruptcy Code Section 363(b), (f) and (h), and Rule 6006 of the Federal Rules of Bankruptcy Procedure to an entity to be newly formed represented by Abraham Weisel, Esq. (the "Proposed Purchaser"), pursuant the terms and conditions of a Purchase and Sale Agreement dated August 18, 2017 (the "Sale Agreement") attached hereto as Exhibit "B", and hereby represents as follows:

### JURISDICTION

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested are sections 105(a), 363(b), (f)

3

and (h) of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002, 3012, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Preliminary Statement

2.      The Proposed Sale is in the best interest of all interested parties. The Debtor has been marketing the Property for over two years and this represents the best offer for the Property. Importantly, the proceeds of the sale provide a significant "cushion" to all secured parties, and will be more than sufficient to pay all creditors in full. Thus, the only party that could possibly be prejudiced in any manner from the Proposed Sale are the equity holders who unanimously support the sale. Furthermore, time is of the essence, as the Court is aware, the 9019 Stipulation places a strict time line on the sale of the Property, or else the Property can be sold at a foreclosure sale by the secured creditor.

FACTS

<u>The Bankruptcy Case</u>

1.      The Debtor filed its voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101 *et seq.* (the "Bankruptcy Code") on June 9, 2015(the "Petition Date").

2.      The Debtor continues to manage its property as a debtor and debtor-in-possession.  No trustee or examiner has been appointed in this case.  Also, no official committee of unsecured creditors has been appointed.

3.      The Debtor's assets consist of two adjacent parcels of undeveloped land located at 488-486 Lefferts Avenue, Brooklyn, NY (the "Property").

4.      The Debtor purchased the Property in 2008.   As a result of the financial crisis, the Debtor was unable to develop the Property and, as a result, the Debtor was unable to

pay its lender Madison Park Investors, LLC (the "Bank") which claimed to hold a mortgage (the "Mortgage") against the Property.  In 2009 the Bank sued on the loan note in New York State Supreme Court, Richmond County and obtained a money judgment in the amount of $835,640. In 2013, the Bank, based on the Richmond County Judgment and the Mortgage, sought to foreclose on the property in New York State Supreme Court, Kings County (the "Foreclosure Action"). Thereafter, the Mortgage and the Foreclosure Action were assigned to Vintage Equities Corp.

9019 Settlement

5.      With great assistance from the Court, the Debtor and Vintage Equities, Inc. (which claimed the mortgage against the Property) and Fay Capital Corp. (which claimed a contract to purchase the Property for $1.375 million), entered into a formal settlement agreement (the "Settlement Agreement"), which they executed on May 25, 2017, and which was approved by this Court following the Debtor's Rule 9019 motion for such approval.

6.      Pursuant to the 9019 Settlement:

- Vintage Equities Corp.'s claim, designated herein as Claim Number 7 was deemed modified to an allowed secured claim in the sum of $1,399,804.38.

- In the event the Allowed Secured Claim is not fully paid by November 10, 2017, the Debtor and each of its members, hereby irrevocably agreed to not oppose any motion by Vintage Equities Corp. for relief from the automatic stay to complete the Foreclosure Action, except that it was also expressly agreed that under no circumstances shall a foreclosure sale take place prior to May 10, 2018.

**Employment of the Ariel Property Advisors, LLC  As Real Estate Broker**

7.     By order of the Bankruptcy Court dated August 1, 2016, the Bankruptcy Court approved the retention Ariel Property Advisors, LLC ("Ariel").

8.     Ariel marketed the Property and brought the proposed buyer, who is willing to pay $2.1 million with a time of the essence closing date of November 30, 2017.  The proposed buyer has deposited $105,000 in escrow with the debtor's attorney as a deposit on the proposed contract.

**Disclosure Statement Hearing:**

9.     Debtor filed a second disclosure statement filed on August 1, 2017 ("Disclosure Statement").

10.     On October 2, 2017 a hearing (the "Disclosure Statement Hearing") was held and the Court approved of the Disclosure Statement.  A formal order approving the Disclosure Statement is pending, and a hearing on approval of the Debtor's Chapter 11 Plan is to be held on November 6, 2017 at 10:30 a.m.

11.     The Disclosure Statement and Plan contemplate a 100% payout to all creditors, and a sales price of $2.1 million would enable Debtor to make such a payout, with hundreds of thousands of dollars left over for equity holders, all of whom have approved of the sale.

Contemplated Sale without the opportunity for Competitive Bidding is warranted.

12.      As demonstrated, the Debtor submits that the private sale is appropriate, as the proceeds of the sale will be more than ample to satisfy all creditors in full and leave a several hundred thousand dollars to equity. Thus, the only parties that could possibly be prejudiced in any manner from the private sale would be the equity holders, who unanimously

support the sale. Moreover, as the Court is aware, the 9019 Stipulation places time constraints on

the time to close which are inconsistent with a bidding process.  Finally, the Debtor has

extensively marketed the Property for nearly two years, including with brokers and, thus,

demonstrates that the contemplated transaction represents the best offer.

Liens, Claims, and Interests in the Property.

       13.     Notwithstanding certain impediments, the Debtor's tireless efforts in

identifying a purchaser have succeeded, as it has secured a purchaser for the Property for the

amount of $2.1 million.

       14.     Most importantly, the Proposed Sale will generate sufficient funds to

satisfy all the creditors and provide payment to equity holders.

       15.     To reiterate, the only party that would benefit from a higher sales price

would be the equity holders. The equity holders support the Proposed Sale and believes it is in

their best interest.

       16.     Accordingly, the Debtor respectfully submits that the Proposed Sale is

extremely fair and reasonable, represents a prudent exercise of business judgment, and is in the

best interests of the Debtor's estate and creditors.

The Agreement.

       17.     The material terms of the Sale Agreement include, without limitation, the

following:

    a.   **Purchase Price**:  **$2,100,000.00**

    b.   **Payment: (i) $105,000.00 shall be paid to and held in escrow concurrent with
entering into the Proposed Purchase Agreement (the "Deposit").**

    c.   **Time of the Essence Closing Date of November 30, 2017.**

    d.  <u>Court Authorization and Approval</u>: The Court authorizes and approves the sale, transfer and conveyance of the Premises to Purchaser free and clear of all Liens, Claims and Encumbrances of any kind or nature, pursuant to Section 363 of the Bankruptcy Code, without the requirement of obtaining the consent of any person or entity, with all Liens, Clams and Encumbrances to attach to the proceeds of the sale of the Premises to the same validity, extent and priority as immediately prior to the sale of the Premises.  For purposes hereof, "Liens, Claims and Encumbrances" means any and all liens, claims (as such term is defined in Section 101(5) of the Bankruptcy Code), encumbrances, mortgages, pre-existing leases at the Premises identified in Section 13(g) below, pledges, security interests, equity security interests, interests of any kind or nature, charges, actions, title defects, taxes (including liens for taxes), equitable interests, restrictions on transfer, options, conditional sale or other title retention devices or restrictions on the creation of any of the foregoing, whether relating to the Seller or the Premises, of any kind or nature, whether or not asserted, known or unknown, whether relating to any property or the right or the income or profits therefrom.

    e.  <u>Finding of *bona fide* Purchaser (Section 363(m))</u>: The Court finds and determines that Purchaser is a *bona fide* purchaser for value entitled to the protections of Section 363(m) of the Bankruptcy Code, including that Purchaser is purchasing the Premises in "good faith".

    f.  <u>Waver of Stay</u>: The Order provides that any stay that would otherwise be applicable pursuant to Bankruptcy Rules 6004(h) or otherwise under the Bankruptcy Code shall be waived to the extent necessary to permit a Closing as soon as possible after entry of the Sale Order.  Purchaser reserves the right, at its sole option, to at any time waive any condition precedent to the Closing of this transaction set forth in this Section.  Any such waiver must be in writing and be signed by Purchaser.  Seller and Purchaser shall consult with one another regarding pleadings that either of them intends to file, or positions either of them intend to take, with the Bankruptcy Court in connection with or that might reasonably affect, the Bankruptcy Court's entry of the Sale Order.

## REQUEST FOR RELIEF

18.     The Debtor seeks an order, pursuant to Bankruptcy Code sections 105, 363(b), (f), and (h) and Bankruptcy Rules 2002 6004, and 6006: (a) authorizing the sale of the Property to the Purchaser free and clear of Liens, Claims and Encumbrances and (b) the assumption and assignment to the Purchaser of the Leases in accordance with the terms of the Agreement.

## BASIS FOR RELIEF REQUESTED

**The Sale Satisfies the Applicable Standard for Section 363(b) Sales.**

**Section 363(b)(1) of the Bankruptcy Code authorizes a debtor, after notice and a hearing, to use, sell or lease, property of the estate other than in the ordinary course of business.** *See* **11 U.S.C. § 363(b)(1). The Bankruptcy Rules provide that "[a]ll sales not in ordinary course of business may be by private sale or by public auction." Fed. R. Bank. P. 6004(f)(1). Courts in the Second Circuit, and elsewhere, require that a decision to sell or use property pursuant to section 363(b)(1) be based upon the sound business judgment of the debtor.** *See Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)***, 722 F.2d 1063, 1071 (2d Cir. 1983);** *Licensing By Paolo, Inc. v. Sinatra (In re Gucci),* **126 F.3d 380, 387 (2d Cir. 1997);***Official Committee of Unsecured Creditors of LTV Aerospace and Defense Co. v. LTV Corp.,***973 F.2d 141, 143 (2d Cir. 1992);** *In re Global Crossing Ltd.,* **295 B.R. 726, 743 (Bankr.S.D.N.Y. 2003).**

19.    The Second Circuit has adopted the widely followed and liberal business justification test that is applied where a debtor seeks to sell all, or substantially all, of its assets prior to confirmation of a plan of reorganization. *See e.g., Lionel Corp.,* 722 F.2d at 1070; *In re Thomson McKinnon Sec., Inc.,* 120 B.R. 301, 307 (Bankr. S.D.N.Y. 1990); *In re Oneida Lake Dev., Inc.*, 114 B.R. 352, 355-56 (Bankr. N.D.N.Y. 1990); *In re Au Natural Rest., Inc.,* 63 B.R. 575, 580 (Bankr. S.D.N.Y. 1986).

20.    Courts in this Circuit do not require a debtor to make an exhaustive showing of a sound business justification. Rather, a debtor may conduct a sale other than in the ordinary course of business "if a good business reason exists to support it." *In re Gucci*, 126 F.3d at 387; *see In re Baldwin United Corp.,* 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984). What constitutes "good business reason" is determined by consideration of the following nonexclusive factors: "(a) the proportionate value of the asset to the estate as a whole; (b) the amount of elapsed time since the filing; (c) the likelihood that a plan of reorganization will be proposed and confirmed in the near future; (d) the effect of the proposed disposition on future plans of reorganization; (e) the proceeds to be obtained from the disposition vis-à-vis any appraisals of the property; (f) which of the alternatives of use, sale or lease the proposal envisions; and 'most importantly perhaps,' (g) whether the asset is increasing or decreasing in value." *In re General Motors Corp.,* 407 B.R. 463, 490 (S.D.N.Y. 2009). The facts and circumstances of each case determine whether or not there are sufficient business reasons to justify a sale. *Lionel Corp.,* 722 F.2d at 1071.

21.    In addition to the standard set forth above for evaluating a proposed 363(b) sale, courts in this Circuit have also considered additional factors when evaluating a proposed private sale. These factors include: (a) whether there are compelling facts and circumstances that support approval of the sale; (b) whether the debtor has solicited other

prospective purchasers; (c) whether the price paid is fair and reasonable; (d) whether the sale is in the best interests of the estate; (e) whether notice is reasonable; and (f) whether the sale is being made in good faith. *See In re Ancor Exploration Company (In re Ancor)*, 30 B.R. 802, 808 (D.N.D.Okla. 1983); *In re Industrial Valley Refrigeration and Air Conditioning Supplies, Inc.,* 77 B.R. 15, 21 (Bankr. E.D.Pa. 1987). While "the bankruptcy court should have wide latitude in approving even a private sale of all or substantially all of the estate assets not in the ordinary course of business under § 363(b) . . . each such proposed sale must be examined from its own facts to determine if approval is justified." *In re Ancor*, 30 B.R. at 808; *see also Stephens Industries, Inc. v. McClung,* 789 F.2d 386, 388 (6th Cir. 1986).

22.     The Debtor has determined that, in the exercise of its business judgment, the sale of the sale of the Property to the Purchaser, in accordance with the Agreement, is in the best interests of its estate and its creditors. As discussed <u>ante</u> the sale proceeds will satisfy <u>all</u> claims against the estate; with a surplus for the Debtor's sole equity holder.

<u>Sale Free and Clear of Liens, Claims and Encumbrances</u>

23.     Bankruptcy Code section 363(b)(1) provides:  "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  Bankruptcy Code section 105(a) provides in relevant part: "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

24.     The Debtor proposes to sell the Property free and clear of Liens, Claims, and Encumbrances.  Under Bankruptcy Code section 363(f), a Debtor may sell property free and clear of any interest in such property of an entity other than the estate only if, at least one of the following conditions is satisfied:

(1)    applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2)    such entity consents;

(3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4)    such interest is in bona fide dispute; or

(5)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

 11  U.S.C. § 363(f).


25.    Because Bankruptcy Code section 363(f) is drafted in the disjunctive, satisfaction of any one of its five requirements will suffice to approve the sale of the Property "free and clear" of Liens, Claims and Encumbrances. See 11 U.S.C. § 363(f); In re Boston Generating, LLC, et al., 440 B.R. 302, 331 (Bankr. S.D.N.Y. 2010) ("Section 363(f) of the Bankruptcy Code authorizes a debtor to sell property under section 363(b) 'free and clear of any interest in such property of an entity other than the estate' if one of the [the subsections of 363(f) are satisfied]"); *Mich. Employment Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1147 n.24 (6th Cir. 1991) (recognizing that Bankruptcy Code section 363(f) is written in disjunctive, and holding that court may approve sale "free and clear" provided that at least one subsection of section 363(f) is met), *cert. dismissed*, 503 U.S. 978 (1992); *Citicorp Homeowners Servs., Inc. v. Elliot (In re Elliot)*, 94 B.R. 343, 345 (E.D. Pa. 1988) (same).


26.    The Debtor respectfully submits that sections 363(f)(3) and (5) are all satisfied, thereby allowing the Property to be sold free and clear of all Liens, Claims and Encumbrances. Here, the Property is being sold for a price ($2.1 million) which is greater than the aggregate value of liens of less than $1.6 million on the Property and, as such, the requirements for section 363(f)(3) is satisfied.  Likewise, the secured lenders and the taxing

authority could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest and, as such, the requirements for section 363(f)(5) is satisfied.

Good Faith Protection for Purchaser

27.    Bankruptcy Code section 363(m) provides:

The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

28.    While the Bankruptcy Code does not define "Good faith," the Second Circuit has held that:

A [good] faith of a purchaser is shown by the integrity of his conduct during the course of the sale proceedings … A purchaser's good faith is lost by "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.

*Licensing by Paulo v. Sinatra (In re Gucci)*, 1216 F.3d 380, 390 (2d Cir. 1977) (*quoting In re Rock Indus. Mach. Corp.*, 572 F.2d 1195, 1198 (7th Cir. 1978) (interpreting Bankruptcy Rule 805, the precursor of section 363(m) of the Bankruptcy Code); *see also Evergreen Int'l Airlines Inc. v. Pan Am. Corp. (In re Pan Am Corp.)*, Nos. 92 Civ. 8319 (LMM) to 91 Civ. 8324 (LMM), 1992 WL 154200 at *4 (S.D.N.Y. June 18, 1002); *In re Sasson Jeans, Inc.*, 90 B.R. 608, 610 (S.D.N.Y. 1988).

29.    The Agreement was negotiated at arms' length, and in good faith and the proposed purchase price is far in excess of the of Fay's original purchase price of $1,375,000. The Property was marketed extensively prior to the Debtor entering into the Agreement and good

and sufficient notice of sale will be given.  The Purchaser is not an "insider" of the Debtor, as

that term is defined in section 101(31) of the Bankruptcy Code. Neither the Debtor nor the

Purchaser has engaged in any conduct that would cause or permit the Agreement to be avoided

under section 363(n) of the Bankruptcy Code. Accordingly, the Debtor submits that the

Purchaser should be afforded the protections of Bankruptcy Code section 363(m).

<u>WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(h)</u>

3.      The Debtor  also requests that the Court waive the stay imposed by Bankruptcy

Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other

than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the

court orders otherwise." Fed. R. Bankr. P. 6004(h). As demonstrated above, the relief that the

Debtor seeks in this Motion is necessary for the Debtor to preserve value for its estate and that

"time is of the essence". Accordingly, the Debtor respectfully requests that the Court waive the

fourteen-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought

herein justifies immediate relief.

## NOTICE

4.      Notice of this Motion will be given to (a) the Office of the United States Trustee

for the Eastern District of New York; (b) the Purchaser's counsel; and (c) all known creditors

and parties in interest.  The Debtor submits that, under the circumstances, no other or further

notice is required.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order, substantially in the form annexed hereto as Exhibit "A," and grant such other and further relief as is just and proper.

RESPECTFULLY SUBMITTED:

Dated: October 3, 2017

> 488-486 Lefferts LLC
> Debtor and Debtor in Possession
>
> By:    s/ Nir  Zeer, Shlomo Zeer and David Marom
> as Managing Members

Attorneys for Debtors and Debtors-in-Possession
> BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
> *By:      /s/ Edward N. Gewirtz*
> Edward N. Gewirtz [EG6801]
> 60 East 42nd Street, Suite 4600
> New York, New York 10165
> Tel. No.:  (212) 697-6484
> Fax. No.: (212) 697-7296